NORRIS McLAUGHLIN, P.A.
Margaret Raymond-Flood, Esq.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807
908-722-0700
Direct: 908-252-4228
Email: mrflood@norris-law.com
Attorneys for Defendants, University Correctional
Health Care, a constituent unit of Rutgers, The State
University of New Jersey (improperly pled as University
Correctional Healthcare) and Lisa Renee Mills

_____

|  |  |  |
|---|---|---|
| JEFFREY DRURY, | : | UNITED STATES DISTRICT COURT |
|  | : | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : |  |
|  | : | CIVIL ACTION NO.: |
| vs. | : |  |
|  | : | ELECTRONICALLY FILED |
| UNIVERSITY CORRECTIONAL | : |  |
| HEALTHCARE, ET AL., | : |  |
|  | : | **NOTICE OF REMOVAL** |
| Defendants. | : |  |
|  | : |  |

_____

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant, University

Correctional Health Care, a constituent unit of Rutgers, The State University of New Jersey

(improperly pled as University Correctional Healthcare) ("UCHC" or the "Removing

Defendant"), hereby removes this action, with full reservation of all defenses, including but not

limited to the defense that UCHC was not properly served with process, which had been pending

in the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-333-20

(the "Subject Action"), to the United States District Court for the District of New Jersey, and

states as follows:

1.      Complaint.  On or about May 27, 2020, plaintiff, Jeffrey Drury ("Plaintiff"), filed

a "Verified Complaint and Jury Demand" (the "Complaint") against the Removing Defendant,

Stacy Williams-Hall, Sherita Latimore-Collier, Bradley Kaufman, Lisa Renee Mills and

fictitious John Doe defendants, asserting claims that include violations of the Civil Rights Act as set forth in Counts One through Nine.  <u>See</u> Complaint at paragraphs 49, 54, 58, 80, 86, 90, 120, 127 and 131. The docket number on the Complaint is CUM-L-333-20.  Plaintiff sets forth claims against the Removing Defendant in Counts Three, Six and Nine "in accordance with *Monell* under the Civil Rights Act." <u>See</u> Complaint at paragraphs 58, 90 and 131. A <u>Monell</u> claim under the Civil Rights Act, as set forth against UCHC in Plaintiff's Complaint, is derived from the Supreme Court of the United States' holding in <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978).  In <u>Monell</u>, the Supreme Court's decision was based on an analysis of 42 U.S.C. §1983 and the related legislative history. That decision was not based on a state civil rights statute. Accordingly, the <u>Monell</u> claims asserted against UCHC in Plaintiff's Complaint are based in federal law and raise a federal question. A copy of all pleadings and orders obtained by the Removing Defendant from Plaintiff in this action are attached as **Exhibit A**.

2.     <u>Basis for Jurisdiction in this Court</u>.  This Court has federal question jurisdiction over this matter under 28 <u>U.S.C.</u> § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.     <u>Consent</u>.  UCHC is the Removing Defendant and consents to removal. According to the State Court Docket, Proofs of Service for defendants, Stacy Williams-Hall, Sherita Latimore-Collier, Bradley Kaufman, and Lisa Renee Mills, have been filed. However, service was not properly effectuated as these defendants were not personally served as is required under New Jersey Court Rule 4:4-4(a)(1).  The consent of defendants who have not been properly served is not required for removal. 28 <u>U.S.C.</u> §1446(b)(2)(A). Copies of the purported Proofs of

2

Service filed in the Subject Action are attached as **Exhibit B.** The remaining Doe Defendants are identified as fictitious parties and have not, to the knowledge of the Removing Defendant, been identified or served.  The consent of unserved, fictitious defendants is not required for removal.

4. <u>Notice Given</u>.  The Removing Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Cumberland County, and serve same as set forth in the Declaration of Service submitted herewith.  <u>See</u> 28 <u>U.S.C.</u> §1446(d).

5. <u>Removal is Timely</u>.  This Notice of Removal is signed pursuant to <u>Fed. R. Civ. P.</u> 11 and is timely filed within 30 days after July 23, 2021, the date the Removing Defendant received a copy of Plaintiff's Complaint and Summons at the Office of the Secretary.  <u>See</u> 28 <u>U.S.C.</u> §1446(b).  Upon information and belief, no other defendant was properly served pursuant to the applicable court rules.

6. <u>Pleadings and Process</u>.  As required by 28 <u>U.S.C.</u> §1446(a), the Removing Defendant has attached as **Exhibit A** to this Notice of Removal "a copy of all process, pleadings, and orders served upon" it in this action.

7. <u>Prerequisites</u>.  The prerequisites for removal under 28 <u>U.S.C.</u> § 1441 have been met.

8. <u>Venue</u>.  Removal to the United States District Court for the District of New Jersey is appropriate because this action is being removed from the Superior Court of New Jersey, Cumberland County, which is located within the District of New Jersey.

9. <u>Defenses</u>. By removing this action to this Court, the Removing Defendant does not waive any defenses available to it.

10.    If any question arises as to the propriety of the removal of this action, the Removing Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE the Removing Defendant respectfully requests that this Notice of Removal be filed; that the Subject Action in the Superior Court of New Jersey, Cumberland County, be removed to this District Court; and that no further proceedings be had in the Superior Court of New Jersey, Cumberland County.

NORRIS McLAUGHLIN, PA
Attorneys for Defendants, University Correctional Health Care, a constituent unit of Rutgers, The State University of New Jersey (improperly pled as University Correctional Healthcare) and Lisa Renee Mills

By: _____
Margaret Raymond-Flood

Dated:  August 16, 2021

## **LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding.

Dated:  August 16, 2021

Margaret Raymond-Flood

## SUMMONS

Attorney(s) Peter Kober, Esq.

Office Address 1864 Route 70 East

Town, State, Zip Code Cherry Hill, NJ 08003


Telephone Number (856) 761-5090

Attorney(s) for Plaintiff Jeffrey Drury

JEFFREY DRURY

Plaintiff(s)

vs.

UNIVERSITY CORRECTIONAL

HEALTH CARE, et al.

Defendant(s)

### Superior Court of New Jersey

Cumberland County

Law Division

Docket No: CUM-L-000333-20

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M. Smith
Clerk of the Superior Court

DATED: 07/22/2021

Name of Defendant to Be Served: University Correctional Health Care

Address of Defendant to Be Served: c/o Office of the Secretary, 7 College Ave, Rm 112, New Brunswick, NJ 08901

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Jeffrey Drury

---

JEFFREY DRURY,

                Plaintiff

                v.

UNIVERSITY CORRECTIONAL HEALTHCARE,
STACY WILLIAMS-HALL, SHERITA LATIMORE- COLLIER
BRADLEY KAUFMAN, LISA RENEE MILLS and
JOHN DOE(S) 1-100,

                Defendants

|

Superior Court of New Jersey
Law Division: Cumberland County

Docket No. __CUM-L-_____

**CIVIL ACTION**

**VERIFIED
COMPLAINT
AND JURY DEMAND**

---

JEFFREY DRURY, residing at South Woods State Prison, 215 S. Burlington Road, in the City of

Bridgeton, County of Cumberland, and State of New Jersey, by way of a complaint against the

above-named defendants, alleges as follows:

COUNT I

1. Defendant, SHERITA LATIMORE-COLLIER, sued in her individual and official capacities, is

   a physician employed by Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, located

   at Stuyvesant Avenue & Whittlesey Rd., Trenton, Mercer County, New Jersey.

2. Defendant, BRADLEY KAUFMAN, sued in his individual and official capacities, is a

   physician employed by Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, located at

   Stuyvesant Avenue & Whittlesey Rd., Trenton, Mercer County, New Jersey.

3. Defendant, STACY WILLIAMS-HALL, sued in her individual and official capacities, is a nurse practitioner employed by Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, located at Stuyvesant Avenue & Whittlesey Rd., Trenton, Mercer County, New Jersey.

4. Defendant, LISA RENEE MILLS, sued in her individual and official capacities, is a nurse practitioner employed by Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, located at Stuyvesant Avenue & Whittlesey Rd., Trenton, Mercer County, New Jersey.

5. Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, is a corporate entity located at Stuyvesant Avenue & Whittlesey Rd., Trenton, Mercer County, New Jersey.

6. Defendants, JOHN DOE(S) 1-100, sued in their individual capacities, are fictitious persons, whose true identity is unknown, who came into contact with Plaintiff with regard to his medical needs while he was a prisoner of the State of New Jersey.

7. The individual defendants, SHERITA LATIMORE-COLLIER, BRADLEY KAUFMAN, STACY WILLIAMS-HALL and LISA RENEE MILLS were at all times relevant herein, acting under color of state law.

8. The corporate defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, was at all times relevant herein, acting under color of state law.

9. The individual defendants, SHERITA LATIMORE-COLLIER, BRADLEY KAUFMAN, STACY WILLIAMS-HALL and LISA RENEE MILLS were at all times relevant herein "persons," subject to suit under the Civil Rights Act.

10. The corporate defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, was at all times relevant herein, a "person," subject to suit under the Civil Rights Act.

2

11. Suit against the defendants, SHERITA LATIMORE-COLLIER, BRADLEY KAUFMAN, STACY WILLIAMS-HALL, LISA RENEE MILLS and UNIVERSITY CORRECTIONAL HEALTHCARE, is brought under the Civil Rights Act.

12. Plaintiff, JEFFREY DRURY, was at all times relevant herein, serving a prison sentence as a consequence of conviction of a crime(s) in the New Jersey state prison system.

13. Plaintiff, JEFFREY DRURY, at all times relevant herein, during the course of serving a sentence in New Jersey state prison system for conviction of a crime, came under the care of Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, for his health care needs.

14. Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, was under contract with the State of New Jersey to service the medical needs of prisoners within the New Jersey state prison system.

15. On June 14, 2018, Plaintiff, JEFFREY DRURY, was on the 4-One-Right recreation yard of South Woods State Prison when he collapsed to the ground and lay there on the ground.

16. Upon trying to get up, Plaintiff realized he was unable to move his left leg from the knee down, attempting to move his left leg caused intense pain, and that he could not get up off the ground on his own, so he continued to lay on the ground.

17. Upon looking at his left knee, Plaintiff noticed his left kneecap was positioned up on his thighbone, his left leg from the knee down was bent backwards and his left heel was positioned up by his buttock; & his left heel couldn't be moved from that position.

3

18. Other prisoners immediately informed corrections officers on the recreation yard that Plaintiff was down on the ground, injured, couldn't get up on his own, and needed medical treatment.

19. Plaintiff was carried off the recreation yard by other inmates.

20. The inmate who carried Plaintiff by the leg in doing so extended Plaintiff's left leg; this caused Plaintiff to yell out in pain.

21. On June 14, 2018, Plaintiff was seen by Registered Nurse Donna, Last Name Unknown.

22. By the time of her examination, Plaintiff's left knee had begun to swell.

23. Nurse Donna cleaned and covered the wounds, applied ice and an ace bandage to the knee, and following her examination, Plaintiff was admitted into the Extended Care Unit.

24. On the morning of approximately June 18, 2018, Plaintiff was seen by Defendant, BRADLEY KAUFMAN.

25. Plaintiff informed Defendant, BRADLEY KAUFMAN, of how he injured his knee, his complaints, its appearance and his limitations.

26. After hearing from Plaintiff, Defendant, BRADLEY KAUFMAN, was knowledgeable about how Plaintiff injured his knee, his complaints, its appearance and his limitations.

27. Defendant, BRADLEY KAUFMAN, looked at the knee with the ace bandage off; said "wow, it's swollen;" poked it once with his index finger, causing Plaintiff to yell out in pain; and told Plaintiff he would reach back out to him.

4

28. On June 18, 2018, Plaintiff had x-rays of his left knee taken inside the prison for the first time since the June 14, 2018 incident.

29. Following the completion of the x-rays to Plaintiff's left knee on June 14, 2018, the x-ray technician, first and last name unknown, showed Plaintiff his x-rays and told Plaintiff: "Dude, I've seen this before. See how high your kneecap is up on your thighbone. Your patella tendon is torn," and informed Plaintiff this kind of injury has to be fixed as soon as possible.

30. On June 20, 2018, Plaintiff had repeat x-rays of his left knee taken inside the prison by the same x-ray technician which showed the same results.

31. Defendant, BRADLEY KAUFMAN, never reached back out to Plaintiff following the consult on the morning of approximately June 18, 2018.

32. On the evening of approximately June 20, 2018, Plaintiff encountered Defendant, BRADLEY KAUFMAN, on the Extended Care Unit.

33. Plaintiff asked Defendant, BRADLEY KAUFMAN, for treatment to his left knee.

34. Plaintiff told Defendant, BRADLEY KAUFMAN, his left knee hurt severely, he couldn't walk, he couldn't bend the knee, the knee was swollen, and the x-rays had shown that his kneecap was up on his thighbone and his patella tendon must be torn.

35. After hearing from Plaintiff at this encounter, Defendant, BRADLEY KAUFMAN, was knowledgeable that Plaintiff's left knee was in severe pain, he couldn't walk, he couldn't bend the knee, the knee was swollen, and x-rays had shown that his kneecap was up on his thighbone and his patella tendon must be torn.

36. Defendant, BRADLEY KAUFMAN, did not order immediate medical treatment.

37. On June 25, 2018, Defendant, BRADLEY KAUFMAN, still had not ordered immediate medical treatment.

38. On June 25, 2018, Plaintiff's left knee began to swell more; and his left leg became numb from his left calf to his heel and the outside of his left foot.

39. Plaintiff told nurse employees of Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, names unknown, in the Extended Care Unit of his new complaints that his left knee had begun to swell more; and his left leg had become numb from his left calf to his heel and the outside of his left foot.

40. After hearing from Plaintiff, nurse employees of Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, names unknown, in the Extended Care Unit were knowledgeable about Plaintiff's new complaints that his left knee had begun to swell more; and his left leg had become numb from his left calf to his heel and the outside of his left foot.

41. On approximately June 28, 2018, Licensed Practical Nurse Sharon, last name unknown, asked Plaintiff where he was having numbness; he explained it to her; she said she would tell the doctor immediately.

42. On July 2, 2018, Defendant, BRADLEY KAUFMAN, still had not ordered immediate medical treatment.

43. On approximately July 2, 2018, Plaintiff was transferred from the Extended Care Unit to general prison population.

6

44. On approximately the first week of July, 2018, Plaintiff had his regularly scheduled chronic care consultation with Defendant, STACY WILLIAMS-HALL.

45. Defendant, STACY WILLIAMS-HALL, advised she would set Plaintiff up with the orthopedic doctor and would request an MRI.

46. Plaintiff was seen by Dr. Scott Miller in orthopedic consultation on July 31, 2018 at South Woods State Prison.

47. Dr. Miller diagnosed patella alta and a ruptured patellar tendon and specified "the patient will require surgery to repair the tendon. Tendon should be repaired in the next 2 months for the best chance of a good result from surgery."

48. Defendant, BRADLEY KAUFMAN's delay, inaction and/or inadequate/insufficient action in providing Plaintiff with emergency medical treatment from June 21, 2018 to approximately the first week in July, 2018 was deliberate indifference to a serious medical need.

49. The law recognizes that a person, acting in his/her individual capacity, may violate the Civil Rights Act if by his/her delay/inaction/inadequate/insufficient action, he/she can reasonably be said to have been deliberately indifferent to the Plaintiff's serious medical need.

50. The failure of the individual defendant, BRADLEY KAUFMAN, acting in his individual capacity, between June 21, 2018 and approximately the first week in July, 2018 to take action to see to it that Plaintiff's serious medical needs were met was such deliberate indifference to the Plaintiff's suffering so as to be in violation of Plaintiff's

7

right to be free of cruel and unusual punishment under the New Jersey Constitution, Article I Paragraph 12.

51. As a direct and proximate result of the deliberate indifference of the individual defendant, acting in his individual capacity, to the serious medical needs of the Plaintiff, as aforesaid, Plaintiff, JEFFREY DRURY, suffered from a higher level of pain and disability longer in duration than would have been the case if his left knee had been promptly treated, and emotional distress.

WHEREFORE, Plaintiff, JEFFREY DRURY, demands judgment against Defendant, BRADLEY KAUFMAN, acting in his individual capacity, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT II

52. Plaintiff, JEFFREY DRURY, repeats the allegations of the First Count, and incorporates the same by reference as if fully set forth at length herein.

53. Defendant, BRADLEY KAUFMAN, was a person with final policy-making authority on whether Plaintiff would or would not get emergency medical treatment for his injuries of June 14, 2018, so that his decision represented final policy.

54. The law recognizes that a person, acting in his official capacity, may violate the Civil Rights Act if by his action, although the need to take some other action is obvious, the inadequacy of existing practice is so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the Plaintiff's serious medical need.

8

55. The delay/inaction and/or inadequate/insufficient action of Defendant, BRADLEY KAUFMAN, acting in his official capacity, as aforesaid, between June 21, 2018 and approximately the first week in July, 2018, to take action to see to it that Plaintiff's serious medical needs were met was such an inadequate practice so as to be deliberate indifference to a serious medical need, and in violation of Plaintiff's right to be free of cruel and unusual punishment under the New Jersey Constitution Article I Paragraph 12.

56. As a direct and proximate result of the deliberate indifference of the individual defendant, acting in his official capacity, to the serious medical needs of the Plaintiff, as aforesaid, Plaintiff, JEFFREY DRURY, suffered from a higher level of pain and disability longer in duration than would have been the case if his left knee had been promptly treated, and emotional distress.

WHEREFORE, Plaintiff, JEFFREY DRURY, demands judgment against Defendant, BRADLEY KAUFMAN, acting in his official capacity, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT III

57. Plaintiff, JEFFREY DRURY, repeats the allegations of the First-Second Counts, and incorporates the same by reference as if fully set forth at length herein.

58. Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, may be liable in accordance with *Monell* under the Civil Rights Act for the establishment of a policy by Defendant, BRADLEY KAUFMAN, of delay/inaction and/or inadequate/insufficient action between June 21, 2018 and approximately the first week in July, 2018 to see to it that

9

Plaintiff's serious medical needs were met, which, when implemented by Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE's medical staff, caused a deprivation of or interference with Plaintiff's state constitutional right.

59. By being subjected to delay/inaction and/or inadequate/insufficient action to meet his serious medical needs, as aforesaid, between June 21, 2018 and approximately the first week in July, 2018, by reason of the implementation of a policy established by Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, in accordance with *Monell*, Plaintiff, JEFFREY DRURY, was deprived of a state constitutional right or had a state constitutional right interfered with under N.J. Constitution Article I Paragraph 12.

60. As a direct and proximate result of the promulgation of a policy that caused Plaintiff's rights to be violated in the *Monell* sense, as aforesaid, Plaintiff, JEFFREY DRURY, suffered from a higher level of pain and disability longer in duration than would have been the case if his left knee had been promptly treated, and emotional distress.

WHEREFORE, Plaintiff, JEFFREY DRURY, demands judgment against Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.


## COUNT IV

61. Plaintiff, JEFFREY DRURY, repeats the allegations of the First-Third Counts, and incorporates the same by reference as if fully set forth at length herein.

62. On October 9, 2019, Plaintiff was examined by Dr. Balazs Galdi, orthopedist.

63. Dr. Galdi took a history which was: 44-year-old male who is status post left patella

tendon rupture [repair] in 08/2018 by Scott Miller at Saint Francis Hospital as well as a

manipulation under anesthesia of left knee in January 2019 by a partner at Saint Francis,

who presents for left knee pain and inability to extend the knee fully.

64. Dr. Galdi took the patient's complaints which were: patient states that he has anterior

knee pain and due to the positioning of his patella, he is unable to bend his knee and

extend his knee fully.

65. Dr. Galdi reviewed hospital x-rays which were taken that day which showed: patella alta.

66. Dr. Galdi's assessment was: extensor lag following patellar tendon repair in 2018.

67. Dr. Galdi's plan was: do physical therapy for three months.  In three months, come back

and we will see if he gets any strength back in his quads, as well as potentially do a

revision of his patellar tendon repair.

68. Plaintiff arrived back at South Woods State Prison on October 9, 2019.

69. On 10/9/2019 and thereafter the persons responsible for Plaintiff's medical care were

Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER.

70. Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER,

were knowledgeable that per Dr. Galdi's orders, Plaintiff was to receive 3 months of

physical therapy at the prison and after 3 months was to return to Dr. Galdi for re-

assessment.

71. Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER,

did not arrange for Plaintiff to have physical therapy.

72. Before March, 2020 Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, did not arrange for Plaintiff to return to Dr. Galdi for re-assessment.

73. On or about February 27, 2020, Plaintiff told Defendant, STACY WILLIAMS-HALL, that he had not been given physical therapy as ordered by Dr. Galdi and he had not been returned to Dr. Galdi for re-assessment after three months as ordered by Dr. Galdi.

74. On or shortly after February 27, 2020, Defendant, STACY WILLIAMS-HALL, came into possession of a copy of Dr. Galdi's report of the October 9, 2019 examination.

75. Defendants, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, were now knowledgeable that per Dr. Galdi's orders, Plaintiff was to receive 3 months of physical therapy at the prison and after 3 months was to return to Dr. Galdi for re-assessment.

76. Even after February 27, 2020, Defendants, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, did not arrange for Plaintiff to have physical therapy.

77. On March 20, 2020, Defendant, STACY WILLIAMS-HALL, told Plaintiff she had put in a request for Plaintiff to be transported to Dr. Galdi.

78. Plaintiff has not been transported to Dr. Galdi for re-assessment to date.

79. Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE COLLIER's delay/denial, inaction and/or inadequate/insufficient action in providing Plaintiff with three months of physical therapy at the prison and after 3 months a return visit to Dr. Galdi for re-assessment from 10/10/2019 to mid-March 2020 was/is deliberate indifference.

12

80. The law recognizes that a person, acting in his/her individual capacity, may violate the Civil Rights Act if by his/her delay/denial, inaction and/or insufficient action he/she can reasonably be said to have been deliberately indifferent to the Plaintiff's serious medical need.

81. The failure of the individual defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, acting in their individual capacities, between October 10, 2019 and mid-March 2020 to take action to see to it that Plaintiff's serious medical needs were met was such deliberate indifference to the Plaintiff's suffering so as to be in violation of Plaintiff's right to be free of cruel and unusual punishment under the New Jersey Constitution Article I Paragraph 12.

82. As a direct and proximate result of the deliberate indifference of the individual defendants, acting in their individual capacities, to the serious medical needs of the Plaintiff, as aforesaid, Plaintiff, JEFFREY DRURY, suffered from and continues to suffer from a higher level of pain and disability continuing to the present and into the future than would have been the case if his left knee had been promptly treated according to Dr. Galdi's orders, and emotional distress.

WHEREFORE, Plaintiff, JEFFREY DRURY, demands judgment against Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, acting in their individual capacities, for compensatory damages, injunctive relief consisting of but not limited to an order compelling the individual defendants to comply with Dr. Galdi's orders, punitive damages, reasonable attorney's fees, interest and costs of suit.

13

COUNT V

83. Plaintiff, JEFFREY DRURY, repeats the allegations of the First-Fourth Counts, and incorporates the same by reference as if fully set forth at length herein.

84. Defendants, LISA RENEE MILLS and STACY WILLIAMS-HALL, were persons with final policy-making authority on whether Plaintiff would or would not get three months of physical therapy at the prison and after three months a return visit to Dr. Galdi for re-assessment, so that their decision represented final policy.

85. Defendant, SHERITA LATIMORE-COLLIER, was a person with final policy-making authority on whether Plaintiff would or would not get three months of physical therapy at the prison and after three months a return visit to Dr. Galdi for re-assessment, so that her decision represented final policy.

86. The law recognizes that a person, acting in her official capacity, may violate the Civil Rights Act if by her action, although the need to take some other action is obvious, the inadequacy of existing practice is so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the Plaintiff's serious medical need.

87. The delay/denial, inaction and/or inadequate/insufficient action of Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, acting in their official capacities, as aforesaid, between October 10, 2019 and mid-March 2020 to take action to see to it that Plaintiff's serious medical needs were met by providing Plaintiff with three months of physical therapy at the prison and after three months a return visit

14

to Dr. Galdi for re-assessment was such an inadequate practice so as to be deliberate indifference to a serious medical need, and in violation of Plaintiff's right to be free of cruel and unusual punishment under the New Jersey Constitution Article I Paragraph 12.

88. As a direct and proximate result of the deliberate indifference of the individual defendants, acting in their official capacities, to the serious medical needs of the Plaintiff, as aforesaid, Plaintiff, JEFFREY DRURY, suffered from and continues to suffer from a higher level of pain and disability continuing to the present and into the future than would have been the case if his left knee had been promptly treated according to Dr. Galdi's orders, and emotional distress.

WHEREFORE, Plaintiff, JEFFREY DRURY, demands judgment against Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, acting in their official capacities, for compensatory damages, injunctive relief consisting of but not limited to an order compelling the individual defendants to comply with Dr. Galdi's orders, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT VI

89. Plaintiff, JEFFREY DRURY, repeats the allegations of the First-Fifth Counts, and incorporates the same by reference as if fully set forth at length herein.

90. Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE, may be liable in accordance with *Monell* under the Civil Rights Act for the establishment of a policy by Defendants, LISA RENEE MILLS, STACY WILLIAMS-HALL and SHERITA LATIMORE-COLLIER, of delay/denial,

15

inaction and/or inadequate/insufficient action between 10/10/2019 and mid-March

2020 to see to it that Plaintiff's serious medical needs were/are met, which, when

implemented by Defendant, UNIVERSITY CORRECTIONAL HEALTHCARE's medical staff,

caused/causes a deprivation of or interference with Plaintiff's state constitutional right.

91. By being subjected to delay/denial, inaction and/or inadequate/insufficient action to

meet his serious medical needs, as aforesaid, between October 10, 2019 and mid-March

2020, by reason of the implementation of a policy established by Defendant,

UNIVERSITY CORRECTIONAL HEALTHCARE, in accordance with *Monell,* Plaintiff, JEFFREY

DRURY, was deprived of a state constitutional right or had a state constitutional right

interfered with under the New Jersey Constitution Article I Paragraph 12.

92. As a direct and proximate result of the promulgation of a policy that caused Plaintiff's

rights to be violated in the *Monell* sense, as aforesaid, Plaintiff, JEFFREY DRURY, suffered

from and continues to suffer from a higher level of pain and disability continuing to the

present and into the future than would have been the case if his left knee had been

promptly treated according to Dr. Galdi's orders, and emotional distress.

WHEREFORE, Plaintiff, JEFFREY DRURY, demands judgment against Defendant, UNIVERSITY

CORRECTIONAL HEALTHCARE, for compensatory damages, injunctive relief consisting of but not

limited to an order compelling the defendant to comply with Dr. Galdi's orders, punitive

damages, reasonable attorney's fees, interest and costs of suit.

16

## COUNT VII

93. Plaintiff, JEFFREY DRURY, repeats the allegations of the First-Sixth Counts, and incorporates the same by reference as if fully set forth at length herein.

94. On or about January 25, 2019, Plaintiff was diagnosed with *Helicobacter pylori* (*H. pylori*) infection.

95. *H. pylori* infection is treatable with antibiotics and a proton pump inhibitor (PPI).

96. Beginning on or about January 25, 2019, Plaintiff was administered antibiotics and PPI for *H. pylori* infection by the prison medical staff.

97. The determination of whether or not the *H. pylori* infection has been abated requires the taking of a stool sample from the patient.

98. The stool sample to determine whether the *H. pylori* infection has abated must be taken after the patient is off all antibiotics for two weeks and off all PPI for one-two weeks.

99. Any lingering antibiotics or PPI in the patient's system when the stool sample is taken can result in a false negative test for *H. pylori.*

100.    Plaintiff was administered antibiotics and PPI for *H. pylori* infection by the prison medical staff through February 8, 2019.

101.    Plaintiff was administered antibiotics and PPI for *H. pylori* infection by the prison medical staff again beginning on February 21, 2019.

102.    Plaintiff was administered antibiotics for *H. pylori* infection by the prison medical staff through March 7, 2019.

17

103.    On March 15, 2019, Plaintiff was still being administered PPI for *H. pylori*

infection by the prison medical staff.

104.    On March 15, 2019, the prison medical staff took a stool sample from Plaintiff.

105.    The stool sample taken from Plaintiff on March 15, 2019 wasn't taken after the

patient was off all antibiotics for two weeks.

106.    The stool sample taken form Plaintiff on March 15, 2019 wasn't taken after the

patient was off all PPI for one-two weeks.

107.    The stool sample taken from Plaintiff on March 15, 2019 was negative for *H.*

*pylori* infection.

108.    The negative stool sample taken from Plaintiff on March 15, 2019 was, within

reasonable medical probability, subject to being a false negative for *H. pylori* infection.

109.    On June 11, 2019, Plaintiff was seen in a telemed consultation by Dr. Chowdhury,

gastroenterologist.

110.    Dr. Chowdhury advised, on June 11, 2019, Plaintiff "can have another stool

specimen for *H. pylori* antibodies."

111.    On June 11, 2019 and thereafter the persons responsible for Plaintiff's medical

care were Defendants, LISA RENEE MILLS/STACY WILLIAMS-HALL and SHERITA

LATIMORE-COLLIER.

112.    Defendants, LISA RENEE MILLS/STACY WILLIAMS-HALL and SHERITA LATIMORE-

COLLIER were knowledgeable that Dr. Chowdhury's directive was Plaintiff "can have

another stool specimen for *H. pylori* antibodies."

18

P3702834

JEFFREY DRURY
PLAINTIFF
– vs –
UNIVERSITY CORRECTIONAL HEALTHCARE, ET AL.
DEFENDANT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION CUMBERLAND COUNTY
Docket No. CUM-L-000333-20

**Person to be Served**
STACY WILLIAMS-HALL
BATES BLDG 2ND FLOOR WHITTLESEY ROAD AND STUYVESANT AVENUE
TRENTON, NJ 08625

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served:**  CIVIL SUMMONS, VERIFIED COMPLAINT AND TRACK ASSIGNMENT NOTICE
**Service Data:**
Served Successfully **X** Not Served _____     Date: 09/11/2020 Time: 2:13PM Attempts: _____

___ Delivered a copy to him/her personally

___ Left a copy with a competent household member of over 14 years of age residing therein.

**X** Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of person served and relationship / title:

DROP BOX

**Description of Person Accepting Service:**
SEX: **MALE**    COLOR: **WHITE**    HAIR: **BROWN**    APP.AGE: **50-60**    APP. HT: **5'9**    APP. WT: **190**
OTHER: **AS PER OFFICER O'MALLEY, DESCRIPTION ABOVE**

**Comments Or Remarks:**

I, JOHN JONES, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Process Server Date

Sworn to before me this
24 day of Sept, 2020

*Kendra Wolsky*

**KENDRA M. WOLSKY**
**NOTARY PUBLIC OF NEW JERSEY**
Comm. # 2453882
My Commission Expires 11/05/2020

Client File Number:

PM Legal
2333 U.S. Hwy 22 West
Union, NJ 07083
908-686-7300

P3702842

JEFFREY DRURY
PLAINTIFF
- vs -
UNIVERSITY CORRECTIONAL HEALTHCARE, ET AL.
DEFENDANT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION CUMBERLAND COUNTY
Docket No. CUM-L-000333-20

**Person to be Served**
SHERITA LATIMORE-COLLIER
BATES BLDG 2ND FLOOR WHITTLESEY ROAD AND STUYVESANT AVENUE
TRENTON, NJ 08625

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served:**  CIVIL SUMMONS, VERIFIED COMPLAINT AND TRACK ASSIGNMENT NOTICE
**Service Data:**
Served Successfully **X** Not Served _____  Date: 09/11/2020 Time: 2:13PM Attempts: _____

___ Delivered a copy to him/her personally

Name of person served and relationship / title:

DROP BOX

___ Left a copy with a competent household
member of over 14 years of age residing
therein.

**X** Left a copy with a person authorized to
accept service, e.g. managing agent,
registered agent, etc.

**Description of Person Accepting Service:**
SEX: **MALE**      COLOR: **WHITE**      HAIR: **BROWN**      APP.AGE: **50-60**      APP. HT: **5'9**      APP. WT: **190**
OTHER: **AS PER OFFICER O'MALLEY, DESCRIPTION ABOVE**

**Comments Or Remarks:**

I, JOHN JONES, was at the time of service a
competent adult not having a direct interest in
the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

Sworn to before me this
24 day of Sept ,2020

_____
Signature of Process Server Date

Client File Number:

**KENDRA M. WOLSKY**
**NOTARY PUBLIC OF NEW JERSEY**
Comm. # 2453882
My Commission Expires 11/05/2020

PM Legal
2333 U.S. Hwy 22 West
Union, NJ 07083
908-686-7300

P3702859

JEFFREY DRURY
PLAINTIFF
- vs -
UNIVERSITY CORRECTIONAL HEALTHCARE, ET AL.
DEFENDANT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION CUMBERLAND COUNTY
Docket No. CUM-L-000333-20

**Person to be Served**
BRADLEY KAUFMAN
BATES BLDG 2ND FLOOR WHITTLESEY ROAD AND STUYVESANT AVENUE
TRENTON, NJ 08625

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served:** CIVIL SUMMONS, VERIFIED COMPLAINT AND TRACK ASSIGNMENT NOTICE
**Service Data:**
Served Successfully **X** Not Served _____ Date: 09/11/2020 Time: 2:13PM Attempts: _____

____ Delivered a copy to him/her personally

____ Left a copy with a competent household member of over 14 years of age residing therein.

**X** Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of person served and relationship / title:

DROP BOX

**Description of Person Accepting Service:**
SEX: **MALE**    COLOR: **WHITE**    HAIR: **BROWN**    APP.AGE: **50-60**    APP. HT: **5'9**    APP. WT: **190**
OTHER: **AS PER OFFICER O'MALLEY, DESCRIPTION ABOVE**

**Comments Or Remarks:**

Sworn to before me this
24 day of Sept, 2020

*Kendra Wolsky*

**KENDRA M. WOLSKY**
**NOTARY PUBLIC OF NEW JERSEY**
**Comm. # 2453882**
**My Commission Expires 11/05/2020**

I, JOHN JONES, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Process Server Date

Client File Number:

PM Legal
2333 U.S. Hwy 22 West
Union, NJ 07083
908-686-7300

P3702792

JEFFREY DRURY
PLAINTIFF
- vs -
UNIVERSITY CORRECTIONAL HEALTHCARE, ET AL.
DEFENDANT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION CUMBERLAND COUNTY
Docket No. CUM-L-000333-20

**Person to be Served**
LISA RENEE MILLS
BATES BLDG 2ND FLOOR WHITTLESEY ROAD AND STUYVESANT AVENUE
TRENTON, NJ 08625

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served:**  CIVIL SUMMONS, VERIFIED COMPLAINT AND TRACK ASSIGNMENT NOTICE
**Service Data:**
Served Successfully __**X**__ Not Served _____   Date: _09/11/2020_ Time:_2:13PM_ Attempts: _____

____ Delivered a copy to him/her personally

____ Left a copy with a competent household member of over 14 years of age residing therein.

**X** Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of person served and relationship / title:

_DROP BOX_

**Description of Person Accepting Service:**
SEX: **MALE**   COLOR: **WHITE**    HAIR: **BROWN**   APP.AGE: **50-60**   APP. HT: **5'9**   APP. WT: **190**
OTHER: **AS PER OFFICER O'MALLEY, DESCRIPTION ABOVE**

**Comments Or Remarks:**

I, JOHN JONES, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sworn to before me this
_29_ day of _Sept_, 2020

_____
Signature of Process Server Date

Client File Number:

**KENDRA M. WOLSKY**
**NOTARY PUBLIC OF NEW JERSEY**
**Comm. # 2453882**
**My Commission Expires 11/05/2020**

PM Legal
2333 U.S. Hwy 22 West
Union, NJ 07083
908-686-7300